CJ-24-3758
Bonner

*1058863296*

IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY
STATE OF OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUN - 7 2024

RICK WARREN
COURT CLERK
110

| | | |
|---|---|---|
| **(1) KRISTIN BENNE, as next of kin and Personal Representative of the Estate of CHRISTOPHER KLIEWER, deceased,** | § | Case CJ-2024-3758 |
| **Plaintiff,** | § | |
| **v.** | § | |
| **(1) OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY; and** | § | Attorney Lien Claimed |
| **(2) BOARD OF COUNTY COMMISSIONERS FOR OKLAHOMA COUNTY,** | § | Jury Trial Demanded |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiff Kristin Benne, as next of kin and Personal Representative of the Estate of Christopher Kliewer, by and through attorney of record, Cameron Spradling of Cameron Spradling, PLLC, and based on information and belief, alleges and states as follows:

## I. THE PARTIES

### A. PLAINTIFF

1. Plaintiff Kristin Benne is the daughter of Christopher Kliewer, deceased. Plaintiff is now and was, at all relevant times a resident of Oklahoma City, County of Oklahoma, State of Oklahoma.

### B. DEFENDANT OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY

2. Defendant Oklahoma County Criminal Justice Authority ("OCCJA" or "Jail Trust") is a public trust created for the furtherance of purported public functions pursuant to 60 Okla. Stat. § 176, *et seq.* OCCJA was created by a certain "Trust Indenture." Under the Trust Indenture, OCCJA is to "assist" Oklahoma County in its stated objective of operating the

Oklahoma "Jail Facilities", which includes the Oklahoma Detention Center ("Oklahoma County Jail" or "Jail"). Under the Trust Indenture, OCCJA was delegated the responsibility of develeoping policies and procedures to address the administration of the Jail. However, since June 1, 2020, OCCJA has remained the County entity with primary responsibility for the management and operation of the Jail. The Oklahoma County Sheriff and a member of the Oklahoma County Board of County Commissioners are permanent members / trustees of the OCCJA. OCCJA is sued under Plaintiff's municipal liability theory.

### C. DEFENDANT BOARD OF COUNTY COMMISSIONERS FOR OKLAHOMA COUNTY

3. Defendant Board of County Commissioners for Oklahoma County ("Board", "BOCC" or "Oklahoma County") is the legislative entity with non-delegable statutory responsibility for providing a jail facility for Oklahoma County, Oklahoma that is adequate for the safe-keeping of inmates and detainees. *See* 57 O.S. § 41. As a matter of Oklahoma law, BOCC exercises the powers of the county. *See* 19 Okla. Stat. § 3. A suit brought against BOCC is the way Oklahoma law contemplates suing the county. *See* 19 Okla. Stat. § 4. BOCC is charged with ensuring that the Jail has adequate funding and resources to provide constitutionally sufficient conditions of confinement.

## II. JURISDICTION & VENUE

4. This District Court has subject matter jurisdiction over this case because it has unlimited original jurisdiction under Article VII, § 1 (A) and (C) of the Oklahoma Constitution, which gives district courts jurisdiction over all civil actions to uphold and adhere to the Oklahoma Constitution, established common law, and the Oklahoma Statutes and rules promulgated thereto.

5. Defendant Oklahoma County Criminal Justice Authority at all times mentioned herein, is an entity having its principal place of business in Oklahoma County, State of Oklahoma.

6. Defendant Board of County Commissioners for Oklahoma County at all times mentioned herein, is an entity having its principal place of business in Oklahoma County, State of Oklahoma.

7. Venue is proper in this district under 12 O.S. § 133 and 12 O.S. § 144, as the Defendants do business in this district and the events giving rise to the claims occurred in this district.

## III. FACTUAL BACKGROUND

8. Christopher Kliewer was booked into the the Oklahoma County Jail as a pretrial detainee on June 8, 2022.

9. On June 9, 2022, Christopher Kliewer was discovered dead at the Oklahoma County Jail.

- **County Policies and Customs**

10. To the extent that no single officer violated Christopher Kliewer's constitutional rights, Oklahoma County/OCCJA are still liable under a theory of a systemic failure of Oklahoma County/OCCJA policies and procedures as described below. There were such gross deficiencies in staffing, facilities and procedures that Christopher Kliewer was effectively denied constitutional conditions of confinement.

## CAUSES OF ACTION

## VIOLATION OF THE EIGHTH AND/OR FOURTEETH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES (42 U.S.C. § 1983)

### A. Conditions of Confinement/Failure to Protect

11. At the time of the complained events, Christopher Kliewer had a clearly established constitutional right under the adequate conditions of confinement.

12. The right to be protected by the Oklahoma County Jail is part of the conditions of confinement requirement afforded by the Constitution.

13. Any reasonable Jail employee knew or should have known those rights at the time of the complained of conduct as they were clearly established.

14. Officers failed to protect Christopher Kliewer from harm at the Oklahoma County Jail.

15. In addition, the failure the failure to protect Christopher Kliewer constitutes deliberate indifference to Christopher Kliewer's health and safety.

16. With deliberate indifference, Officers failed to protect Christopher Kliewer from harm, and disregarded the known, obvious and excessive risks of harm to Christopher Kliewer.

17. As a direct proximate result of these Officers' unlawful conduct, Christopher Kliewer suffered death.

**B. Municipal Liability**

18. The aforementioned acts or omissions are causally connected with customs, practices, and/or policies which Oklahoma County/OCCJA/BOCC promulgated, created, implemented and/or possessed responsibility for.

19. To the extent that no single officer violated Christopher Kliewer's constitutional rights, Oklahoma County/OCCJA are still liable under a theory of a systemic failure of Oklahoma County/OCCJA policies and procedures as described below. There were such gross deficiencies in staffing, facilities and procedures that Christopher Kliewer was effectively denied constitutional conditions of confinement.

20. Oklahoma County/OCCJA/BOCC knew, must have known or should have known that, by maintaining such customs, practices, and/or policies, detainees like Christopher Kliewer

were at substantial risk of harm. Nevertheless, Oklahoma County/OCCJA/BOCC failed to take reasonable measure to alleviate the harm.

21. Oklahoma County/OCCJA/BOCC, through its failure to take reasonable remediable measures has been deliberately indifferent to citizens', including Christopher Kliewer's, health and safety.

22. As a direct and proximate result of the aforementioned customs, policies, and/or practices, Christopher Kliewer suffered death.

## PRAYER FOR RELIEF

**WHEREFORE,** based on the foregoing, Plaintiff prays this Court grant the relief sought, including but not limited to actual and compensatory in excess of Seventy- Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing suit, the costs of bringing this action, a reasonable attorneys' fee, along with such other relief as is deemed just and equitable.

Respectfully submitted,

Cameron Spradling, OBA No. 8509
**CAMERON SPRADLING, PLLC**
*Attorney & Counselor at Law*
500 North Walker Ave., Suite 100
Oklahoma City, OK 73102
Telephone: (405) 605-0610
Facsimile: (405) 605-0615
*Cameron@CameronSpradling.com*

**ATTORNEY FOR PLAINTIFF**