IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KRISTIN BENNE, as next of kin and Personal, Representative of the Estate of CHRISTOPHER KLIEWER, deceased<br>Plaintiff, | ) | |
| v. | ) | Case No. CIV-26-1401-D |
| (1) OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY; and<br><br>(2) BOARD OF COUNTY COMMISSIONERS FOR OKLAHOMA COUNTY;<br><br>Defendants. | ) | |

**MOTION TO DISMISS COMPLAINT BY DEFENDANT BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY WITH BRIEF IN SUPPORT**

COMES NOW, Defendant Board of County Commissioners of Oklahoma County (hereinafter "BOCC") and respectfully moves to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the reason that the Complaint on file herein fails to state a claim upon which relief can be granted.

## STATEMENT OF CASE

On June 7, 2024, Plaintiff filed an Original Petition in the District Court of Oklahoma County, State of Oklahoma alleging a violation of Plaintiff's eight and/or fourteenth amendment under 42 U.S.C. § 1983. This Original Petition was dismissed without prejudice on December 3, 2024 and refiled on December 3, 2025, in the District Court of Oklahoma County, State of Oklahoma. Plaintiff served Defendant BOCC with a

copy of the Original Petition and Summons on June 1, 2026 and Defendant BOCC removed the case to federal court on June 12, 2026. In Plaintiff's Petition she fails to provide BOCC with fair notice of the claims Plaintiff is asserting against it. As amendment would be futile, the Court should dismiss the case with prejudice

Plaintiff seeks monetary damages in excess of Seventy-five Thousand dollars ($75,000.00) against all Defendants. However, for reasons more fully set forth below, Plaintiff's claims must be dismissed against Defendant BOCC.

## ALLEGED FACTS

1. Christopher Kliewer was booked into the Oklahoma County Jail as a pretrial detainee on June 8, 2022. ECF 1-2 at 4.
2. On June 9, 2022, Christopher Kliewer was discovered dead at the Oklahoma County Jail. *Id.*

This is the extent of actual facts as delineated by Plaintiff. However, Plaintiff also includes the unsupported and conclusory statements:

> There were such gross deficiencies in staffing, facilities and procedures that Christopher Kliewer was effectively denied constitutional conditions of confinement… *Id* at 4.

## ARGUMENT AND AUTHORITY

### PROPOSITION I

### PLAINTIFF'S COMPLAINT FAILS TO MEET THE PLEADING STANDARDS OF *BELL ATLANTIC CORP. V. TWOMBLY*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that the "'plain statement' possess enough left to 'sho[w] that the pleader is entitled to relief'." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do. *Id.* at 555.

Here, the Complaint does not assert any specific cause of action against BOCC. Moreover, BOCC is barely mentioned in the Complaint, with the only substantive statement regarding the BOCC being on page 2 of the Complaint when describing the parties when Plaintiff mentioned "BOCC is charged with ensuring that the Jail has adequate funding and resources to provide constitutionally sufficient conditions of confinement."

Plaintiff's allegations fail to identify a policy, practice, or custom of the Board of County Commissioners of Oklahoma County ("BOCC") which caused Plaintiff's injury as required by *Monell. Monell v. New York City Dept. of Social Serv.,* 436 U.S. 658 (1978). Plaintiff's attempt is limited to the generalized conclusory remarks cited above.

In order to impose municipal liability on behalf of the BOCC, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Id.* at 694. If an official policy cannot be identified, "an act performed pursuant to a 'custom' that has

not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Bd of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997).

Likewise, a policy or custom may include "the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused." *Bryson v. City of Okla. City*, 627 F. 3d 784, 788 (10th Cir. 2010). The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm. *Id.* at 789. Regardless of the type of policy or custom relied upon, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Brown* at 404.

In the case at hand, Plaintiff's Complaint has not identified an official policy on which it relies. Although Plaintiff provided the statement "Christopher Kliewer was discovered dead at the Oklahoma County Jail", this injury does not involve the deliberate actions of the BOCC nor do they suggest any practice or custom of the BOCC which directly caused Plaintiff's injuries. To that end, the only conduct complained of is that Plaintiff was "booked" and "discovered dead." Without the ability to identify a policy or custom of the BOCC which was the driving force behind Plaintiff's injuries, Plaintiff's Complaint should be dismissed. Additionally, Plaintiff has failed to provide any facts, other

than the fact that Plaintiff was in custody, that would suggest that this alleged occurrence placed BOCC on notice that any of its actions or inactions would be substantially certain to result in a constitutional violation. Plaintiff's Complaint fails to show any deliberate indifference on behalf of BOCC, nor has Plaintiff's Complaint alleged any facts which demonstrate a causal link between BOCC's policy or custom and Plaintiff's injuries. As such, it should be dismissed as a matter of law.

"Without some factual allegation in the complaint, it is hard not to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly* at 597 n.3. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Here, Plaintiff's Complaint has fallen short of the pleading requirements, as it fails to present any factual allegations sufficient to show any wrongdoing on the part of either Defendant. Accordingly, Plaintiff's claims should be dismissed for failure to state a plausible claim under Rule 8.

The 10th Circuit has held that such pleading, or lack thereof, violates Rule 8.

> Fair notice under Rule 8(a)(2) depends on the type of case. In §1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective actions against the State. *Robbins v. Oklahoma ex rel. Dept. of Human Servs*. 519 F.3d 1242, 1249-50 (10th Cir. 2008)

Plaintiff does not identify any decision or action that could be seen as a cause of harm to Plaintiff. Plaintiff was arrested and charged with a crime, *ergo*, he was then

incarcerated in jail. Plaintiff has not identified (nor can Plaintiff) what right was violated by his being placed in jail. Instead, Plaintiff makes base conclusory statements, "There were gross deficiencies in staff, facilities, and procedures." However, Plaintiff does not discuss staffing ratios or what statute delineates a certain staffing ratio requirement. Plaintiff does not discuss, not even a single detail, how the facilities led to Plaintiff's injury, nor are procedures identified in any way. Clearly, this does not meet Rule 8 standards.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss the Complaint with prejudice without leave to amend.

Respectfully Submitted,

VICKI ZEMP BEHENNA
DISTRICT ATTORNEY

_/s/ Yolanda Downing
Lisa Erickson Endres, OBA#16647
Yolanda Downing, OBA#18934
Assistant District Attorney
Leadership Square
211 N. Robinson, Suite 700 N
Oklahoma City, OK 73102
Telephone: (405) 713-1600
Facsimile: (405) 235-1567
Lisa.Endres@oklahomacounty.org
Yolanda.Downing@oklahomacounty.org

CERTIFICATE OF DELIVERY

The foregoing was delivered to ECF participants listed below and mailed, as required by the rules, to non-participants on this 18th day of June, 2026.

Cameron Spradling
Cameron Spradling, PLLC

500 North Walker Ave, Suite 100
Oklahoma city, OK 73102
(405) 605-0610
cameron@cameronspradling.com
Attorney for Plaintiff

Aaron Etherington
201 North Shartel Ave.
Oklahoma City, OK 73102
(405) 504-6964
aaron.etherington@okcountydc.net
Attorney for Oklahoma County Criminal
Justice Authority

/s/ Yolanda Downing