**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KRISTIN BENNE, as next of kin and Personal Representative of the ESTATE OF CHRISTOPHER KLIEWER, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, et al.,<br><br>Defendants. | Case No. CIV-26-1401-D |

**MOTION TO DISMISS BY DEFENDANT**
**<u>OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY</u>**

This case stems from the death of Christopher Kliewer ("Kliewer" or "Decedent"), who took his own life, on June 9, 2022, while in custody of the Oklahoma County Detention Center ("OCDC") following his arrest on June 8, 2022, for Domestic Assault and Battery by Strangulation; Domestic Assault and Battery; Kidnapping; Rape by Instrumentation; and Rape First Degree.

Plaintiff Kristin Benne, who is Kliewer's daughter, filed this action on December 3, 2025, in the District Court for Oklahoma County, State of Oklahoma, as next of kin and as Personal Representative of Kliewer's Estate [Doc. 1-1]. Plaintiff seeks to hold Defendant Oklahoma County Criminal Justice Authority ("OCCJA") liable for failing to prevent her father's suicide while he was a pretrial detainee.

**<u>ARGUMENT AND AUTHORITIES</u>**

Defendant OCCJA denies that Plaintiff is entitled to any relief and submits that it is entitled to dismissal of the Petition pursuant to Rule 8 and Rule 12 of the Federal Rules of Civil Procedure. Specifically, Ms. Benne lacks standing to bring claims under 42 U.S.C. § 1983 for a violation of her father's constitutional rights. Further, even if Ms. Benne could demonstrate standing, the Petition still must be dismissed because it fails to comply with Rule 8(a)'s minimum pleading requirements and fails to state a claim upon which relief may be granted.

## I. BENNE LACKS STANDING TO ALLEGE A CIVIL RIGHTS CLAIM ON BEHALF OF KLIEWER.

### A. STANDARD OF REVIEW

Lack of standing is a jurisdictional defense that is properly presented in a motion to dismiss under Rule 12(b)(1). *See, e.g., Citizens for Responsible Gov't State PAC* v. *Davidson,* 236 F.3d 1174, 1188-89 (10th Cir. 2000). A motion to dismiss under Rule 12(b)(1) admits all well-pleaded facts in the complaint as distinguished from conclusory allegations. *Smith* v. *Plati,* 258 F.3d 1167, 1174 (10th Cir. 2001). The moving party may either facially attack the complaint's allegations as to the existence of subject matter jurisdiction or go beyond the allegations by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests. *Stuart v. Colo. Interstate Gas Co.,* 271 F.3d 1221, 1225 (10th Cir. 2001). The burden of establishing subject matter jurisdiction is on the party invoking the court's jurisdiction. *Port City Props,* v. *Union Pac. R.R. Co.,*518 F.3d 1186, 1189 (10th Cir. 2008).

**B. BENNE HAS NOT BEEN APPOINTED PERSONAL REPRESENTATIVE.**

A Section 1983 action exists to vindicate personal rights; a plaintiff may not seek redress for the violation of the rights of others. *Archuleta* v. *McShan,* 897 F.2d 495, 497 (10th Cir. 1990); *Dohaish* v. *Tooley,* 670 F.2d 934, 936 (10th Cir. 1982). This principal is founded on the notion that "constitutional rights are personal and may not be asserted vicariously." *Broadrick* v. *Oklahoma,* 413 U.S. 601, 610 (1973). Thus, in addition to Article III standing, a plaintiff must have prudential standing. That is to say, a plaintiff must typically assert her own rights, rather than those belonging to third parties. *Sac and Fox Nation* v. *Pierce,* 213 F.3d 566, 573 (10th Cir. 2000).

In the present case, Benne lacks prudential standing because she lacks legal authority to sue on behalf of her father. Benne sues as "next of kin of and Personal Representative of the Estate of Christopher Kliewer." While Benne may be Kliewer's daughter, that is not enough, as a matter of law, to allow her to pursue a 1983 claim on Kliewer's behalf. *See Davis* v. *Hudson Refinery,* 498 Fed. App.'x 779 (10th Cir. 2012) (dismissing a 1983 claim filed by a son who alleged his mother's constitutional rights were violated finding that a familial relationship is insufficient to establish standing).

To the contrary, a civil rights action is a personal suit, and it does not accrue to a relative, even a parent of a decedent. *See Naumoff* v. *Old,* 167 F. Supp.2d 1250, 1252-53 (D. Kan. 2001). In other words, a 1983 claim cannot be brought as a wrongful death claim by the deceased heirs. *Id; Berry* v. *Muskogee,* 900 F.2d 1489 (10th. 1990).

Moreover, while the case caption identifies Benne as the Personal Representative of her father's estate, there are no allegations within the Petition that establish that she has indeed been appointed as the Personal Representative. In fact, a search of OSCN reveals that a probate action has not even been filed. This fatal to Benne's standing. *See Utah Ass'n of counties* v. *Bush,* 455 F.3d 1094, 199 (10th Cir. 2006) (noting that standing is first determined **when the action is brought).**

## II. PLAINTIFF'S PETITION MUST BE DISMISSED PURSUANT TO RULE 8, AS IT FAILS TO GIVE DEFENDANTS SUFFICIENT NOTICE OF THE CLAIMS AGAINST WHICH THEY MUST DEFEND.

The Estate's Petition is vague in its allegations and, thus, Defendant OCCJA lacks notice of the claims brought against them. It is well settled that the Defendants herein are entitled to fair notice of the claims being asserted against them. In *Robbins v. Oklahoma ex rel. Dept. of Human Servs*., 519 F.3d 1242 (10th Cir. 2008), the Court stated:

> Fair notice under Rule 8(a)(2) depends on the type of case. In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore, it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective actions against the State.

*Robbins v. Oklahoma ex rel. Dept. of Human Servs*., 519 F.3d 1242, 1249-50 (10th Cir. 2008).

The Estate's Petition pleads two different causes of action yet makes no reference to which Defendant(s) are accused of what misconduct or how they might be liable. Rather, Plaintiff collectively refers to the named Defendants as "Oklahoma County/OCCJA/BOCC" without effort to distinguish between them and uses only general

terms such as "officers" without specifying the acts or omissions they allegedly committed. These generalized allegations deprive Defendant OCCJA of fair notice and forces it to engage in speculation as to what it must defend against. As such, Plaintiff's Petition should be dismissed.

## III. THE ESTATE FAILS TO STATE A CLAIM FOR RELIEF PURSUANT TO SECTION 1983 SUCH THAT PLAINTIFF'S FEDERAL CLAIMS MUST BE DISMISSED UNDER RULE 12(B)(6).

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a claim for relief on the grounds that the plaintiff has failed to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). A motion to dismiss may be granted if, "viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain enough facts to state a claim to relief that is plausible on its face." *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007)(quotations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated another way: "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Although it is far from clear, Plaintiff appears to assert two separate theories of recovery: failure to protect him from harm by other inmates and systemic failure of policies and procedures that created unconstitutional conditions of confinement. As discussed herein, Defendant Authority submits that each of Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.

## A. THE PETITION FAILS TO DEMONSTRATE A VIOLATION OF KLIEWER CONSTITUTIONAL RIGHTS.

To state a claim under Section 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Here, the Estate alleges that Kliewer had a clearly established constitutional right to adequate conditions of confinement and that the right to be protected from harm as part of the conditions of confinement required by the Constitution. [Doc 1-1, at ¶¶ 11-12].

A condition of confinement claim has two prongs: (1) an objective prong, under which the alleged injury must be sufficiently serious, and (2) a subjective prong, under which the prison official who imposed the condition must have done so with deliberate indifference." *Redmond v. Crowther*, 882 F.3d 927, 936 n.3 (10th Cir. 2018).

To satisfy the objective prong, the Estate must plead facts showing that the conditions of his confinement were objectively sufficiently serious. *Id.* This requires that the Estate show that Kliewer was incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834(1994). To satisfy the subjective component, the Estate must allege facts showing that each Defendant knew of, and yet disregarded, an excessive risk to Kliewer's health or safety. *Walker v. Mohiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020).

Regarding the first element, a plaintiff must establish that prison conditions, alone or in combination, involve "wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison conditions may be restrictive or even harsh as that is the nature of the penalty of confinement. *Id*. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). As such, to satisfy the first prong of a conditions of confinement claim, a plaintiff must show that the conditions were more than merely uncomfortable but rose to the level of posing a substantial risk of serious harm to the plaintiff. *DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001).

Secondly, to state a claim under Section 1983 for unconstitutional conditions of confinement, a plaintiff must demonstrate that the defendant was deliberately

indifferent to the plaintiff's health or safety. *Farmer*, 511 U.S. at 827. "[D]eliberate indifference is a stringent standard of fault." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 410 (1997). "Deliberate indifference" is defined as knowing and disregarding an excessive risk to an inmate's health or safety. *Farmer*, 511 U.S. at 827. The deliberate indifference standard entails more than mere negligence on the part of the defendant. *Id*. at 835-36. Rather, it is akin to "recklessness." *Id*. The defendant must have known that an excessive risk of harm existed and disregarded the risk. *Id*. at 837. That is to say, the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. As stated by the Supreme Court, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id*. at 838.

Nowhere in the Petition are there any facts which plausibly allege Kliewer was incarcerated under conditions posing a substantial risk of harm. Likewise, notably absent are any facts that suggest any official was deliberately indifferent to a known risk of harm to Kliewer. Indeed, the Estate's Petition is devoid of any facts even identifying the alleged risk of harm, let alone factual content demonstrating an objectively serious risk of harm. More significantly, there are no facts alleged to suggest that any jail official subjectively knew that Kliewer was at risk, let alone at a substantial risk, during his incarceration. This is fatal to establishing a constitutional violation.

### A. THE PETITION FAILS TO DEMONSTRATE A CUSTOM OR POLICY OF DEFENDANT OCCJA.

As demonstrated above, the Petition fails to establish a constitutional violation, and for this reason alone, the analysis is at an end and the claim for municipal liability must fail. Nevertheless, assuming for the purpose of argument alone, the Estate could state a plausible claim predicated on the conditions of Kliewer's confinement, the *Monell* claims still fail.

While an action under Section 1983 may be brought against a municipal body or other local government entity, recovery is limited to acts that are officially sanctioned by such an entity; it is for this reason that a plaintiff must demonstrate that the entity's "policy or custom" caused the constitutional tort. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986). "Put another way, for a local government unit such as the OCCJA or Oklahoma County to be liable for violating § 1983, that unit's allegedly unconstitutional act (or the act of the defendant in his or her official capacity) must execute 'a government's policy or custom.'" *Jantzen*, 188 F.3d at 1259 (quoting *Monell v. Dep't of SocialServices*, 436 U.S. 658, 694 (1978)).

In *Monell*, the Supreme Court held that a governmental entity is only liable under § 1983 when the constitutional injury can fairly be said to have been caused by that entity's own policies and customs. *Id*. at 694. The actions of the governmental entity must be the moving force behind the constitutional violation. *Id*. The Supreme Court has held that governmental liability for a constitutional violation "attaches where - and only where - the entity makes a deliberate choice to follow a course of action

from among various alternatives." *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986).

To establish the existence of a "custom," a plaintiff must demonstrate: (1) a continuing, widespread, and persistent pattern of misconduct; (2) deliberate indifference or tacit approval of misconduct by policy-making officials; and (3) injury to the plaintiff as a result of the custom. *Gates v. Unified Sch. Dist. No. 449 of Leavenworth Cnty*., 996 F.2d 1035, 1041 (10th Cir. 1993). Typically, a plaintiff must demonstrate that similarly situated persons were subjected to the same improper treatment. *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008); *Randle v. City of Aurora*, 69 F.3d 441, 447 (10th Cir. 1995). Municipal liability may also be imposed if the action is taken pursuant to a "policy" provided the plaintiff demonstrates: (1) a policy adopted by the municipality or officials responsible under the law for making policy in the area; or (2) a decision made by an official with final policy-making authority within the area. *Pembaur*, 475 U.S. at 480-81; *Randle*, 69 F.3d at 447-48. Action pursuant to a "policy" may also be predicated on "the ratification by such final policymakers of the decisions – and the basis for them – of subordinates to whom authority was delegated subject to these policymakers' review and approval." *Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1189 (10th Cir. 2010).

Absent a claim of systemic failure, a plaintiff must ordinarily make two showings in order to impose municipal liability. The plaintiff must first show that an employee of the governmental entity caused the violation of a constitutional right through their acts or omissions. *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th

1127, 1144 (10th Cir. 2023); *Crowson v. Washington Cnty. Utah*, 983 F.3d 1166, 1190-91 (10th Cir. 2020). The plaintiff must then go further and establish that the unconstitutional conduct of the employee was attributable to a custom or policy of the governmental entity. *Id*. The requirement that a plaintiff demonstrate the existence of a custom or policy is "intended to distinguish acts of the *municipality* from acts of *employees* of the municipality and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible."*Pembaur*, 475 U.S. at 479 (emphasis in original). Concomitantly, a government body is not liable under Section 1983 for the acts of an employee under a theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978).

The law is clear that to establish municipal liability, the Estate must allege basic facts to show that an action of the OCCJA was the moving force behind the alleged unconstitutional violation. Here, the Petition is plainly devoid of any factual allegation that would demonstrate municipal liability. Notably absent are any allegations that identify any specific act or omission by any jail official that is attributable to the Defendant OCCJA or any policy or practice of the Defendant OCCJA that was the moving force behind Kliewer's alleged unconstitutional treatment.

Indeed, to establish deliberate indifference in the municipal context, "the municipality [must have] actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and [it must] consciously or deliberately choose[ ] to disregard the risk of harm." *See Buchanan v. Turn Key*

*Health Clinics,* No., 18-CV-00171-JFH, 2022 WL 2070493, at *5-7 (E.D. Okla. June 8, 2008) (nothing that the United States Supreme Court has held that 'it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality" rather, he must prove that the municipality was the moving force behind the alleged injury.") (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). Having failed to plausibly plead the existence of any custom or policy of the OCCJA that contributed to a violation of Kliewer's constitutional rights, the Petition must be dismissed for failure to state a claim upon which relief may be granted.

Likewise, the Estate's Petition does not establish a plausible claim of systemic failure. Indeed, Plaintiff's claim in this respect contains no well-pled factual allegations at all. [Doc. 1-1 Petition ¶ 10, 19]. Rather, Plaintiff makes only the conclusory statement that there were "gross deficiencies in staffing, facilities and procedures that Kliewer was effectively denied constitutional conditions of confinement." [Doc. 1-1 Petition ¶ 10, 19] Certainly nothing in Plaintiff's Petition alleges a plausible connection between unspecified staffing deficiencies, inadequate facilities, or inadequate procedures and Kliewer's death.

As such, Plaintiff cannot state a plausible claim for relief on a theory of systemic failure and the same must be dismissed as to Defendant OCCJA.

**<u>CONCLUSION</u>**

WHEREFORE, Defendant Oklahoma County Criminal Justice Authority respectfully prays that this Honorable Court grant Defendant's Motion to Dismiss in all

respects.

l

Respectfully Submitted,

s/ Carri A. Remillard
Carri A. Remillard, OBA #21539
Oklahoma County Detention Center
201 North Shartel Avenue
Oklahoma City, OK 73102
Phone: (405) 504-6494
carri.remillard@okcountydc.net

*Attorney for Defendant Oklahoma County Criminal Justice Authority*

**CERTIFICATE OF DELIVERY**

The foregoing was delivered using the ECF System for filing, and based upon the records on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to the following participants:

Cameron Spradling
Cameron Spradling,
PLLC
500 North Walker Avenue, Suite 100
Oklahoma City, OK 73102
cameron@cameronspradling.com
*Attorney for Plaintiff*

Yolanda Downing
Assistant District
Attorney
211 N. Robinson Avenue, Suite 700N
Oklahoma City, OK 73102
yolanda.downing@oklahomacounty.o

rg