IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KRISTIN BENNE, as next of kin and Personal Representative of the ESTATE OF CHRISTOPHER KLIEWER, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, et al.,<br><br>Defendants. | ) | Case No. CIV-26-1401-D |

**MOTION TO DISMISS AMENDED COMPLAINT BY DEFENDANT**
**OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY**

On June 9, 2022, Christopher Kliewer ("Kliewer" or "Decedent") sadly took his own life, while in the custody of the Oklahoma County Detention Center ("OCDC"), following his arrest on charges of Domestic Assault and Battery by Strangulation; Domestic Assault and Battery; Kidnapping; Rape by Instrumentation; and Rape First Degree.

Plaintiff Kristin Benne ("Plaintiff" or "Benne"), who is Kliewer's daughter, filed this civil rights lawsuit seeking to hold Defendant Oklahoma County Criminal Justice Authority ("OCCJA") and Defendant Board of County Commissioners for Oklahoma County ("BOCC") liable for violating her father's constitutional rights by failing to prevent his suicide. [Doc. 8]. In the Amended Complaint Benne identifies herself as the personal representative of Kliewer's estate. However, a search of OCSN reveals no probate action has been filed, no letters testamentary or letters of administration have

been issued, and no Oklahoma probate court has granted Benne the legal power to act on behalf of Kliewer's estate. The authority to litigate on behalf of a decedent's estate is a strict statutory prerogative conferred solely by a court—not a mantle a plaintiff may unilaterally assume. As a matter of law, one cannot serve as the personal representative of an estate that does not legally exist and without judicial appointment. This is not merely an immaterial pleading defect or inadvertent mistake; rather, it is a deliberate misrepresentation that Plaintiff has repeatedly made and for unknown reasons chose to ignore.[1]

However, the Amended Complaint cannot overcome dismissal for four significant reasons. First; Benne falsely claims to be the personal representative of her father's estate. In other words, Plaintiff has asked this Court to adjudicate claims she has no legal right or standing to bring. Second, while Benne may be Kliewer's daughter that is not enough to demonstrate prudential standing.

Third, even if Benne could demonstrate standing, the Amended Complaint still cannot survive dismissal because the Estate has no legal capacity to sue without a personal representative, and Rule 17 cannot manufacture representative status, nor can it retroactively cure a complaint founded upon a materially false allegation of fiduciary appointment. Finally, because Benne never had standing or legal capacity to sue when she filed the original case in Oklahoma County District Court, Case No. CJ-2024-3758,

[1]Plaintiff stated she was the personal representative of her father's estate when she initially filed this matter on June 7, 2024. [Doc. 1-4]. She continued the falsehood when she refiled this matter a year later, on December 3, 2025. [Doc. 1-2]. Defendant OCCJA raised this issue in its Motion to Dismiss filed on June 22, 2026. [Doc. 5]. Nonetheless, the Amended Complaint persists with the misrepresentation that Benne is the Personal Representative of the Estate of Christopher Kliewer. [Doc. 8, p. 1].

on June 7, 2024, the statute of limitations was not tolled, and she is ineligible to invoke Oklahoma's Savings Statute, 12 O.S. § 100 to revive the claim. These are dispositive issues that require dismissal.

## PROCEDURAL HISTORY

Benne originally filed this matter on June 7, 2024, in District Court for Oklahoma County, State of Oklahoma, as next of kin and as Personal Representative of Kliewer's Estate. [Doc. 1-4]. Summons were never, issued and she dismissed the case without prejudice on December 3, 2024. [Doc. 1-5]. A year later, on December 3, 2025, Plaintiff refiled this matter in the District Court for Oklahoma County, State of Oklahoma, as next of kin and as Personal Representative of Kliewer's Estate. [Doc. 1-2]. On June 12, 2026, Defendant BOCC removed this matter to federal court. [Doc. 1]. After the case was removed to federal court, the Defendants separately filed Motions to Dismiss. [Docs. 3, 5]. In response to the motions, Plaintiff filed an Amended Complaint. [Doc. 8]. Therefore, the Amended Complaint is the operative pleading at issue.

## ARGUMENT AND AUTHORITIES

### I. STANDARD OF REIVEW.

Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). When the court is faced with a motion invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before

reviewing the merits of the case under Rule 12(b)(6). *Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 90 L. Ed. 939 (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). To survive a Rule 12 motion to dismiss, Plaintiff must allege sufficient facts to meet both Article III standing and prudential standing. *See Wyoming v. U.S. Dep't of the Interior,* 674 F.3d 1220, 1230-31 (10th Cir. 2012).

## II. PLAINTIFF'S § 1983 CLAIMS AGAINST DEFENDANT OCCCJA MUST BE DISMISSED BECAUSE PLAINTIFF LACKS STANDING AND LEGAL CAPACITY TO BRING SUCH CLAIMS.

Standing is a jurisdictional requirement, and a trial court acquires no subject-matter jurisdiction over a suit instituted by one who lacks standing. *Velez v. City of Colo. Springs,* 2021 US App. LEXIS 37529 (10th Cir. Dec. 20, 2021) (unpublished); *Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 542, 543 n.5, 555 (10th Cir. 2016) (remanding case to district court to dismiss for lack of jurisdiction where district court proceeded to assess the merits of a case based on "some generous assumptions" about jurisdiction and emphasizing that a ruling based on incorrect assumptions about jurisdiction "is no ruling at all"). "In every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified Sch. Dist. V. Newdow,* 52 U.S. 1, 11 (2004).

Standing includes two strands: "Article III standing, which enforces the Constitution's case-or-controversy requirement," and "prudential standing which embodies judicially self-imposed limits on the exercise of federal jurisdiction." *Elk Grove Unified*

*Sch. Dist.,* at 11. For Article III standing, a plaintiff must have suffered an injury-in-fact fairly traceable to the defendant and redressable by a favorable judgment. *Spokeo, Inc. v. Robins,* 578 U.S. 330, 339 (2016). Prudential standing "encompasses various limitations, including 'the general prohibition on a litigant's raising another person's legal rights.'" *Wilderness Soc'y v. Kane Cty.*, 632 F.3d 1162, 1169 (10th Cir. 2011). The question of prudential standing is often resolved by the nature and source of the claim. *Id*. "Essentially, the standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Id.* Ultimately, every "plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *See Davis v. Fed. Election Comm'n.* 554 U.S. 724 724, 734 (2008). This is not a mere pleading requirement; rather, it is an indispensable part of the case. *Colorado Outfitters Ass'n,* 823 F.3d at 544.

### A. PLAINTIFF MISREPRESENTED HER STATUS AS PERSONAL REPRESENTATIVE OF HER FATHER'S ESTATE AND HAS NO LEGAL AUTHORITY TO SUE.

"[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "Standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must demonstrate an injury-in-fact that is traceable to the defendant and redressable by the Court. *Lujan*, 504 U.S. at 560; *Warth*, 422 U.S. at 499 citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973) ("A federal court's jurisdiction therefore can

be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action."). "The most elemental requirement of adversary litigation is that there be two or more parties. There must be a real plaintiff at the inception of the suit. . . ." *House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 787 (4th Cir. 2019) (quoting Wright & Miller, § 3530); *see also, Dohaish v. Tooley*, 670 F.2d 934, 937 (10th Cir. 1982) (quoting *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 2204, 45 L. Ed. 2d 343 (1975).

Absent a plaintiff with legal existence, there can be no Article III case or controversy." *House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 787 (4th Cir. 2019). A plaintiff needs to exist in order to suffer a "distinct and palpable injury" to establish Article III standing. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 342, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977). Further, a plaintiff must prove she has standing to establish subject matter jurisdiction. *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir. 2006). Without an entity-plaintiff establishing its legal existence, the non-existent plaintiff cannot prove an injury sufficient to confer Article III standing or the existence of subject matter jurisdiction over the matter at hand. *See House*, 796 F. App'x at 787. That is, "if there is no Article III standing, the court is obliged to dismiss the suit even if the standing issue has not been raised." *Rawoof v. Texor Petroleum Co.,* 521 F.3d 750, 756 (7th Cir. 2008). Stated differently, the standing inquiry gauges whether the plaintiff who claims to be personally harmed has a stake in the litigation and is not a mere intermeddler.

Unquestionably, when Plaintiff originally filed this action on June 7, 2024, no probate matter had been opened, no letters of testamentary or letters of administration had

been issued, and no court had vested Benne with legal authority to act for the decedent. As such, she possessed no legal authority to prosecute claims belonging to the decedent or his estate. The same is true when she refiled this action on December 3, 2025, and when she filed the Amended Complaint on July 13, 2026. It is axiomatic that an estate does not legally exist until a petition for letters of administration is filed in probate court and personal representative is duly appointed. 58 O.S. § 127. Obviously, if no probate court has vested Benne with the authority to act on behalf of Kliewer's estate, then she has no standing to assert claims belonging to the decedent. *Pope v Ward*, 94 F3d 656 (10th Cir. 1996) (Unpublished Table Case) (citing *Silva v Gulf Oil Corp*., 320 P2d 711 (Okla. 1958).

In *Pope,* Darrell Pope was murdered by his cellmate at the Oklahoma State Penitentiary. His parents filed a lawsuit in federal court seeking, *inter alia,* damages for a violation of their son's constitutional rights. The district court determined that the parents lacked standing to sue under § 1983 for a violation of their son's constitutional rights, and the Tenth Circuit affirmed. Looking to state law and specifically to Oklahoma's wrongful death statute to decide the standing issue, the Tenth Circuit held that a wrongful death action may only be brought by the personal representative of the estate and if there is no personal representative appointed, then by decedent's next of kin. Because the parents were not appointed as personal representatives and because Pope left a minor son, the parents lacked standing to sue.

In the matter *sub judice*, Benne falsely claims legal authority to sue as the personal representative of her father's estate. However, a search of OSCN reveals that no probate

matter has been filed.[2] Truthfully, Benne's decision to characterize herself as the personal representative of her father's estate is a tacit admission that this status is essential to her standing to sue on behalf of the estate. *See, Kowalski v. Tesmer*, 543 U.S. 125, 125 S. Ct. 564, 567, 160 L. Ed. 2d 519 (2004) (A party "must assert his own legal rights and interests, and cannot rest his claim for relief on the legal rights or interests of third parties." (internal citations omitted)); *Doyle v. Okla. Bar Association*, 998 F.2d 1559, 1566 (10th Cir. 1993) ("One does not have standing to assert a violation of rights belonging to another, since the person entitled to a right is the only one who can be directly injured by its deprivation.").

For this reason alone, the Amended Complaint is insufficient to facially establish Plaintiff's standing to bring suit.

**B. THE AMENDED COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS TO CONFER PRUDENTIAL STANDING.**

A Section 1983 action exists to vindicate personal rights; a plaintiff may not seek redress for the violation of the rights of others. *Archuleta* v. *McShan,* 897 F.2d 495, 497 (10th Cir. 1990); *Dohaish* v. *Tooley,* 670 F.2d 934, 936 (10th Cir. 1982). This principal is founded on the notion that "constitutional rights are personal and may not be asserted vicariously." *Broadrick* v. *Oklahoma,* 413 U.S. 601, 610 (1973). Thus, in addition to Article III standing, a plaintiff must have prudential standing. In other words, a plaintiff must typically assert her own rights, rather than those belonging to third parties. *Sac and Fox Nation* v. *Pierce,* 213 F.3d 566, 573 (10th Cir. 2000).

---

[2] Under Tenth Circuit precedent, the Court may take judicial notice of "facts which are part of its public records" and "matters that are verifiable with certainty." *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).

In the present case, Benne lacks prudential standing because she lacks legal authority to sue on behalf of her father. Plaintiff sues as "next of kin and Personal Representative of the Estate of Christopher Kliewer. As set forth in Proposition II.A., Plaintiff is not now, nor ever was, the duly appointed personal representative of her father's estate. While Plaintiff may be Kliewer's daughter, that is not enough, as a matter of law, to allow her to pursue a § 1983 claim on her father's behalf. *See Weeks v. Armor Corr. Health Servs.,* CIV-16-251-D, 2016 U.S. Dist. LEXIS 159156, * 3 (Nov. 17, 2016) (dismissing complaint for lack of standing when the plaintiff sued individually as the decedent's father and next of kin); *Davis* v. *Hudson Refinery,* 498 Fed. App.'x 779 (10th Cir. 2012) (dismissing a 1983 claim filed by a son who alleged his mother's constitutional rights were violated finding that a familial relationship is insufficient to establish standing); To the contrary, a civil rights action is a personal suit, and it does not accrue to a relative, even a parent of a decedent. *Naumoff* v. *Old,* 167 F. Supp.2d 1250, 1252-53 (D. Kan. 2001).

In other words, a § 1983 claim cannot be brought as a wrongful death claim by the deceased heirs. *Id; Berry* v. *Muskogee,* 900 F.2d 1489 (10th Cir. 1990); *Bowen v Macy*, 2000 US Dist Lexis 23616, at * 6 (WD Okla.)(Magistrate Robert E. Bacharach). In fact, the Amended Complaint fails to allege sufficient factual content to demonstrate that she has standing as next of kin. *Pope v Ward*, 94 F3d 656 (10th Cir. 1996) (Unpublished Table Case) (citing *Silva v Gulf Oil Corp*., 320 P2d 711 (Okla. 1958).

All that Benne has alleged is that she is daughter of the decedent. This is not enough to demonstrate prudential standing. The Amended Complaint is devoid of any factual support demonstrating that she is Kliewer's next of kin under Oklahoma law. Moreover,

while a next of kin may bring a wrongful death action under Oklahoma law, that is not true when the wrongful death action is against a political subdivision of the State of Oklahoma, like Defendant OCCJA. On the contrary, under Oklahoma Governmental Tort Claims Act ("GTCA"), only the authorized representative qualifies as a claimant, and in the case of death, the authorized representative is defined as "an administrator, special administrator or a personal representative who shall aggregate in the claim all losses of all persons which are derivative of the death." *See* 51 O.S. § 152(5)(c); *Carlson v. City of Broken Arrow,* 844 P.2d 152, 154 (Okla. 1992).

Plaintiff cannot create standing through conclusory allegations, self-appointed titles, or misrepresentations regarding her legal status. As such, the Amended Complaint is insufficient to facially establish prudential standing.

## III. THE AMENDED COMPLAINT MUST BE DIMISSED BECAUSE PLAINTIFF LACKS THE CAPACITY TO SUE.

Federal Rule of Civil Procedure 17 governs both the determination of a party's capacity to sue and be sued and his or her status as the real party in interest. *Esposito v. United States,* 368 F.3d 1271, 1273 (10th Cir. 2004)[3]. The "real party in interest" principle requires that an action "be brought in the name of the party who possesses the substantive right being asserted under the applicable law." *Id.* Capacity, by contrast, refers to "a party's personal right to litigate in a federal court." *Id.*

Under Fed.R.Civ.P. 17(b), issues of capacity are to be determined by the law of the

[3] "Rule 17's requirements are not jurisdictional, and a motion to dismiss based on lack of capacity to sue and be sued is properly analyzed pursuant to Rule 12(b)(6)." *McClellan v. Bd. of Cnty. Comm'rs of Tulsa Cnty*., 261 F.R.D. 595, 599 n.6 (N.D. Okla. 2009) (citations omitted).

individual's domicile--in this case, Oklahoma. Under Oklahoma law, a decedent's estate has no legal capacity to prosecute or defend litigation except through a duly appointed personal representative acting under authority conferred by the probate court. *See* 58 O.S. §§ 11, 121–122; *In the Estate of Bleeker,* 168 P.3d 774, 779 (Okla. 2007) (recognizing that claims belonging to an estate generally must be brought by the personal representative because upon death the decedent's property ordinarily vests in the personal representative) (citing *State ex. rel Reirdon v. County Court,* 81 P.2d 488, 492 (Okla. 1938). Indeed, only the decedent's personal representative has the specific statutory authority to file and prosecute lawsuits on behalf of the estate. *See* 58 O.S. § 252. To be sure, a person or heir must possess Letters of Testamentary or Letters of Administration issued by an Oklahoma court before such person or heir can legally represent the deceased or his estate. 84 O.S. § 17

In fact, there can be no viable cause of action asserted by Kliewer's Estate because the Estate of Christopher Kliewer did not exist when this lawsuit was filed in 2024, refiled in 2025, or when the Amended Complaint was filed on July 13, 2026. *See Talkington v. N.Y. Life Ins. & Annuity Corp*., No. CIV-16-1255-R, 2017 U.S. Dist. LEXIS 27783, at *3-4 (W.D. Okla. Feb. 28, 2017) (finding complete diversity between the plaintiff and the defendant life insurance company existed after dismissing the estate of a deceased life insurance agent as a defendant because when the lawsuit was filed, the plaintiffs had commenced no probate action and the state court had appointed no personal representative, and therefore, the Estate had no legally cognizable existence and thus lacked the capacity to be sued under Oklahoma law).

Stated another way, status as personal representative, and the concomitant power to bring a wrongful death action are condition precedents to a party's right to litigate in federal court on behalf of the decedent and his estate. *Id.*

In fact, in survival actions, the case cannot proceed without a personal representative. *Pope v Ward*, 94 F3d 656 (10th Cir. 1996) (Unpublished Table Case); *see also*, State *ex. rel. Panter v. McVea,* 571 P.3d 1089, 1092-93 (Okla. Civ. App. 2025). The Tenth Circuit has held that the "federal remedy to be applied to § 1983 death cases . . . should be a survival action, brought by the estate of the deceased victim, in accord with § 1983's express statement that the liability is 'to the party injured.'" *Berry v. City of Muskogee, Okla*., 900 F.2d 1489, 1506-07 (10th Cir. 1990) (quoting 42 U.S.C. § 1983). Therefore, the capacity to sue under § 1983 is controlled by the Oklahoma statutes for survival actions.

Title 12 O.S.§ 1053(A) provides that "[w]hen the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his or her personal representative if he or she is also deceased, if the former might have maintained an action, had he or she lived, against the latter, or his or her representative, for an injury for the same act or omission." However, where "no personal representative is or has been appointed, [a wrongful death] action . . . may be brought by the widow, or where there is no widow, by the next of kin of such deceased." 12 O.S. § 1054.

Because the wrongful death action did not exist at common law but is a creation of statute, such an action "may be pressed *only* by persons authorized to bring it." *Ouellette*

*v. State Farm Mut. Auto Ins. Co*., 1994 OK 79, 918 P.2d 1363, 1366 (Okla. 1994) (emphasis in original). As such, the individuals with the capacity to bring a wrongful death action under Oklahoma law are the personal representative of the estate; the decedent's spouse, if no personal representative has been appointed; or the decedent's next of kin, if no personal representative has been appointed and the decedent was unmarried. *See Weeks v. Cessna Aircraft Co*., 1994 OK CIV APP 171, 895 P.2d 731, 734 (Okla. Civ. App. 1994).

However, the question of who is authorized to bring wrongful death action against a political subdivision of the State of Oklahoma, like Defendant OCCJA, also requires looking to the GTCA. *See* 51 O.S. § 152(5)(c); *Carlson v. City of Broken Arrow,* 844 P.2d 152, 154 (Okla. 1992). Under the GTCA, only the authorized representative qualifies as a claimant, and in the case of death, the authorized representative is defined as "an administrator, special administrator or a personal representative who shall aggregate in the claim all losses of all persons which are derivative of the death." *See* 51 O.S. § 152(5)(c); *Carlson v. City of Broken Arrow,* 844 P.2d 152, 154 (Okla. 1992). As such, only a legally appointed personal representative of the estate may bring a lawsuit against Defendant OCCJA. *Kennedy v. City of Talihina,* 265 P.3d 757, 761 (Okla. Ct. Civ. App. 2011).

Without question, there is no Estate of Christopher Kliewer, and no court has issued any letters giving Benne the legal authority to administer her father's estate. Her self-bestowed title carries no legal effect.

Moreover, this case does not present a correctable real party in interest question. Indeed, Plaintiff did not merely misidentify the proper plaintiff. She affirmatively alleged that she was the personal representative of an estate despite never having been appointed

by any probate court and despite the absence of any existing estate. Rule 17(a)(3) was never intended to excuse affirmative misrepresentations regarding representative capacity. *See Talkington,* at *3. Stated another way, there was no valid representative before the Court when this case was filed.

Rule 17 is procedural. It cannot create standing or capacity that did not exist when the complaint was filed. If Plaintiff lacked standing or capacity on the filing date, Rule 17(a)(3) cannot retroactively confer jurisdiction or validate a lawsuit that was defective at its inception.

## IV. PLAINTIFF WAS NOT ELIGIBLE TO BRING THE ORIGINAL 2024 LAWSUIT AND IS NOT ELGIBLE TO INVOKE 12 O.S. § 100 TO FILE.

Title 12 O.S. § 100 preserves only those causes of action that were previously and properly commenced by a plaintiff entitled to maintain them. *State Farm Mut. Auto. Ins. Co. v Payne*, 2017 OK 95, ¶5-6, 408 P3d 204, 206. Plaintiff cannot invoke Oklahoma's savings statute because neither the original action nor this action was commenced by a party with legal authority to prosecute the Estate's claims.

Indeed, Plaintiff must prove up her eligibility to invoke 12 OS §100 by showing "(1) that the original action was timely, (2) that the action terminated for some reason other than its merits, (3) that [Plaintiff] qualifies as one of the parties entitled to revive the action, and (4) that the new action is substantially the same as the original." *State Farm Mut. Auto. Ins. Co. v Payne*, 2017 OK 95, ¶5-6, 408 P3d 204, 206 (State Farm was eligible to file under §100 by exercising its right to subrogation and "step into the shoes" of the insured) ("Under the plain text, there are two classes of person entitled to the benefit of the savings

statute: "the plaintiff" and "his representatives" as survivors of the plaintiff.”).

Plaintiff is not now, nor ever has been, a “personal representative” appointed by any probate court. A “personal representative" appointed by a probate court “could avail itself of the savings statute to revive a wrongful death claim originally brought by the decedent's widow. We said in that case that "the present action is the same as the former. The change is merely a substitution of parties . . . . The change is in form rather than in substance." *Id*., at ¶8.

Here, Benne cannot have those rights enforced because she never had authority to file this lawsuit as the Personal Representative of the Estate of Christopher Kliewer, and the fact that she is Kliewer’s daughter is not enough to demonstrate next of kin status that is necessary for any individual cause of action to be viable. *Pope v Ward*, 1996 US App Lexis 20515, at 3, 94 F3d 656 (10th Cir. 1996); *see also, McCleary v Okla.,* 2001 US Dist Lexis 27075 (WD Okla.)(Magistrate Doyle W. Argo), adopted, 2001 US Dist Lexis 27074 (Judge Lee West); *Garrett v Downing*, 1939 OK 237, ¶26, 90 P2d 636 (shareholder cannot recover on the claims owned by the corporation).

Because Plaintiff could not bring the 2024 lawsuit, the 2025 lawsuit was a nullity and did not trigger the savings act, 12 OS §100. *See, Sedbrook v Rouse*, 1994 OK CIV APP 181, ¶14, 894 P2d 435 (prior filing a nullity and did not trigger §100).

## CONCLUSION

WHEREFORE, Defendant Oklahoma County Criminal Justice Authority respectfully prays that this Honorable Court grant Defendant’s Motion to Dismiss in all respects.

Respectfully Submitted,

s/ Carri A. Remillard
Carri A. Remillard, OBA #21539
Oklahoma County Detention Center
201 North Shartel Avenue
Oklahoma City, OK 73102
Phone: (405) 504-6494
carri.remillard@okcountydc.net
*Attorney for Defendant Oklahoma County Criminal Justice Authority*

**CERTIFICATE OF DELIVERY**

The foregoing was delivered using the ECF System for filing, and based upon the records on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to the following participants:

Cameron Spradling
Cameron Spradling, PLLC
500 North Walker Avenue
Suite 100
Oklahoma City, OK 73102
cameron@cameronspradling.com

*Attorney for Plaintiff*

Yolanda Downing
Assistant District Attorney
211 N. Robinson Avenue, Suite 700N
Oklahoma City, OK 73102
yolanda.downing@oklahomacounty.org

*Attorney for Defendant BOCC*

s/Carri A. Remillard